# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WHITE STALLION ENERGY CENTER, LLC, DESERET POWER ELECTRIC COOPERATIVE, SUNFLOWER ELECTRIC POWER CORP., TRI-STATE GENERATION & TRANSMISSION ASSOCIATION, INC., TENASKA TRAILBLAZER PARTNERS, LLC and POWER4GEORGIANS, LLC,<br><br>              Petitioners,<br><br>     v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>              Respondent. | Nos. 12-1100, 12-1176, 12-1177, 12-1178, 12-1180, 12-1184 |

## NOTICE OF FURTHER CLARIFICATION AND MODIFICATION OF RELIEF REQUESTED

Petitioners White Stallion Energy Center, LLC, Sunflower Electric Power

Corp. ("Sunflower"), Tri-State Generation & Transmission Association, Inc.,

Power4Georgians, LLC, Deseret Power Electric Cooperative, and Tenaska Trailblazer

Partners, LLC (collectively, "New Unit Developers") file this Notice of Further

Clarification and Modification of Relief Requested to:

(1)     Remedy potential confusion caused by the Notice of Clarification filed by

New Unit Developers on May 1, 2012; and

(2)     Clarify and limit the issues that would be severed and expedited under New

Unit Developers' Joint Motion by Developers of Solid-Fueled Electric

Generating Units to Sever and Expedite Consideration of Issues Germane

to Hazardous Air Pollutant Standards Applicable to New Units filed April

27, 2012 (the "Joint Motion to Sever and Expedite").

To those ends, New Unit Developers state as follows:

1.     On April 27, 2012, New Unit Developers filed their Joint Motion to

Sever and Expedite, which was docketed as Document No. 1371309 in the lead case,

*White Stallion Energy Center, LLC v. EPA*, Case No. 12-1100, and *Sunflower Electric Power*

*Corp. v. EPA*, Case No. 12-1177, respectively. The Joint Motion to Sever and

Expedite requests an order granting expedited briefing, argument and disposition of

three specific issues pertinent to the MATS rule[1] standards applicable to "new units"

(i.e., those units on which construction commences after the date that the United

States Environmental Protection Agency ("EPA") published the proposed rule in the

Federal Register (May 3, 2011)).

---

[1] *National Emission Standards for Hazardous Air Pollutants From Coal and Oil-Fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial- Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units,* 77 Fed. Reg. 9,304 (Feb. 16, 2012) ("MATS rule").

2.	Although the Joint Motion to Sever and Expedite was submitted by all New Unit Developers, the motion was inadvertently filed in the Court's CM/ECF system on behalf of Sunflower only.  As a result, the remaining New Unit Developers— White Stallion Energy Center, LLC, Tri-State Generation & Transmission Association, Inc., Power4Georgians, LLC, Deseret Power Electric Cooperative, and Tenaska Trailblazer Partners, LLC—were not identified as movants and the motion was not linked to their respective individual cases in the Court's CM/ECF system.

3.	Counsel for New Unit Developers contacted the Clerk's Office on April 30, 2012 in an effort to correct this discrepancy in the Court's CM/ECF docket. Counsel was informed, however, that the proper course to correct this discrepancy was to file a "notice of clarification" stating that the Joint Motion to Sever and Expedite (a) was filed on behalf of each of the New Unit Developers, and (b) sought severance and expedition of the claims in each of the cases filed by the individual New Unit Developers, respectively.

4.	New Unit Developers filed a Notice of Clarification consistent with the Clerk's Office's instructions on May 1, 2012.  The Notice of Clarification was docketed as Document No. 1371642 and filed in each of the individual cases filed by New Unit Developers (Case Nos. 12-1100 (White Stallion Energy Center), 12-1176 (Deseret Power Electric Coop.), 12-1177 (Sunflower), 12-1178 (Tri-State Generation

& Transmission Ass'n), 12-1180 (Tenaska Trailblazer Partners), and 12-1184 (Power4Georgians)).

5.      Based on discussions among counsel, New Unit Developers understand that their Notice of Clarification has created confusion among the parties, and that some parties have interpreted that Notice of Clarification as expanding the issues to be severed and expedited beyond those expressly identified in the Joint Motion to Sever and Expedite.

6.      Given the apparent confusion this filing has caused, New Unit Developers wish to further clarify that the Notice of Clarification was a purely ministerial notice filed at the direction of the Clerk's Office for the sole and exclusive purpose of correcting the Court's CM/ECF docket to reflect that the Joint Motion to Sever and Expedite was filed on behalf of all New Unit Developers, rather than Sunflower alone.  The Notice of Clarification was not intended to alter, in any way, the scope of relief sought in the Joint Motion to Sever and Expedite.  Nor was it intended to expand, in any way, the issues to be severed and expedited beyond those expressly identified in the Joint Motion to Sever and Expedite.

7.      In addition to clarifying the intent and effect of the Notice of Clarification, New Unit Developers wish to modify the relief requested by limiting the issues that they seek to have severed and expedited under the Joint Motion to Sever and Expedite.

8.      As explained above, the Joint Motion to Sever and Expedite requests that the Court enter an order granting expedited briefing, argument and disposition of three issues relating to the MATS rule standards applicable to "new units":

      (i)      EPA's failure to account adequately for variability in emissions, such that the new-unit standards for acid gases, particulate matter, and mercury are not "achieved in practice" by the units EPA selected as the "best performing similar source" (*see* Joint Motion to Sever and Expedite at 12-15);

      (ii)     EPA's use of a "pollutant-by-pollutant" approach to establish the new-unit standards, such that the new-unit standards are based on a collection of different sources rather than any single "best controlled similar source" and that no single source can meet all the standards simultaneously (*see id.* at 16-18); and

      (iii)    EPA's failure to establish appropriate new-unit subcategories to account for differences in fuel type and generation technology (*see id.* at 18-20).

9.      After discussions among counsel, New Unit Developers have determined that the third issue—EPA's failure to establish appropriate new-unit subcategories—should not be severed. Accordingly, New Unit Developers hereby modify the relief requested in their Joint Motion to Sever and Expedite, and withdraw their request for expedited briefing, argument and resolution of this issue as set out in

Part II.C of the Joint Motion to Sever and Expedite. New Unit Developers maintain

their request for expedited briefing, argument and resolution of those issues identified

in Parts II.A and II.B (pages 12-18) of the Joint Motion to Sever and Expedite.

      10.    To avoid possible ambiguity, New Unit Developers do plan to argue, in

the context of the first issue presented in the Joint Motion to Sever and Expedite (i.e.,

Part II.A), that EPA erred by establishing new-unit standards based on sources that

are not "similar" to the regulated "new sources," in violation of the new unit

provisions of Section 112(d)(3) of the Clean Air Act, 42 U.S.C. § 7412(d)(3). The

New Unit Developers will address this "similar"-source argument as part of the first

issue presented in the Joint Motion to Sever and Expedite.

Respectfully submitted,

| | |
|---|---|
| /s/ Patricia T. Barmeyer | /s/ Peter S. Glaser |
| Patricia T. Barmeyer | Peter S. Glaser |
| Les Oakes | George Y. Sugiyama |
| John L. Fortuna | Michael H. Higgins |
| King & Spalding LLP | Byron W. Kirkpatrick |
| 1180 Peachtree Street, N.E. | Troutman Sanders LLP |
| Atlanta, GA 30309 | 401 Ninth Street N.W. |
| 404.572.3563 telephone | Suite 1000 |
| 404.572.5136 facsimile | Washington, D.C. 20001 |
| pbarmeyer@kslaw.com | 202.274.2998 telephone |
| | 202.654.5611 facsimile |
| Counsel for | peter.glaser@troutmansanders.com |
| Power4Georgians, LLC | |
| | Counsel for |
| | Tenaska Trailblazer Partners, LLC |
| | Deseret Power Electric Cooperative |
| | Sunflower Electric Power Corporation |

/s/ Eric Groten

Eric Groten

Vinson & Elkins LLP

2801 Via Fortuna, Suite 100

Austin, TX  78746-7568

(512) 542-8709


Jeremy C. Marwell

Vinson & Elkins LLP

2200 Pennsylvania Avenue, NW

Suite 500 West

Washington, DC 20037

(202) 639-6507


Counsel for

White Stallion Energy Center, LLC


Dated:    May 9, 2012

/s/ Jeffrey R. Holmstead

Jeffrey R. Holmstead

Bracewell & Giuliani LLP

2000 K Street, NW

Suite 500

Washington, DC 20006-1872

202.828.5852 telephone

202.857.4812 facsimile

jeff.holmstead@bgllp.com


Counsel for

Tri-State Generation and Transmission

Association, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 9th day of May, 2012, a copy of the foregoing *Notice of Further Clarification and Modification of Relief Requested* was served electronically through the Court's CM/ECF system on all registered counsel.


/s/ John L. Fortuna