IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WHITE STALLION ENERGY CENTER, LLC, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | No. 12-1100 and consolidated cases |

**RESPONSE OF THE UTILITY AIR REGULATORY GROUP
TO THE JOINT MOTION TO SEVER AND EXPEDITE
CONSIDERATION OF CERTAIN NEW UNIT ISSUES**

The above captioned consolidated cases challenge standards promulgated by the U.S. Environmental Protection Agency ("EPA" or "the Agency") to limit emissions from electric utility steam generating units ("EGUs").[1] Among those standards are limits on emissions of hazardous air pollutants ("HAPs") from new and existing coal- and oil-fired EGUs in the rule referred to as the Mercury and Air

---

[1] National Emission Standards for Hazardous Air Pollutants From Coal- and Oil-Fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial-Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units, 77 Fed. Reg. 9304 (Feb. 16, 2012).

Toxics Standards ("MATS") rule.[2]  On April 27, 2012, six petitioners asked this court to sever two issues related to EPA's emission limits for new sources under the MATS rule and to expedite briefing, argument and disposition of those issues (Doc. 1371234).  For the reasons discussed below, if the court grants the motion to sever, the Utility Air Regulatory Group ("UARG") should be allowed to participate in briefing those issues as a petitioner.

UARG has been involved throughout EPA's two decade effort to evaluate and ultimately regulate HAP emissions from EGUs under § 112 of the Clean Air Act ("CAA").  UARG, over that period, has provided EPA detailed sampling and other technical information about HAP emissions from fossil-fuel-fired EGUs and has filed thousands of pages of legal and technical comments in the extensive rulemakings that preceded promulgation of these standards.

UARG is a petitioner challenging EPA's final MATS rule,[3] and has also filed a petition for reconsideration with EPA asking the Agency to revisit several

---

[2] The Federal Register notice also includes New Source Performance Standards ("NSPS") for EGUs promulgated under CAA § 111.

[3] *See Utility Air Regulatory Group v. EPA,* No. 12-1147 (Doc. 1364222) (challenging the MATS rule and EPA's denial of UARG's Petition for De-Listing of Coal-Fired Electric Utility Steam Generating Units as a Source Category Subject to Section 112 of the Clean Air Act).  UARG also challenged the NSPS in *Utility Air Regulatory Group v. EPA,* No. 12-1166 (Doc. 1368066).

parts of its MATS rule, including new source emission limits.[4]  EPA's prompt resolution of the pending petitions for reconsideration, including the ones addressing the achievability of new source emission limits, would aid in narrowing and focusing the issues this court must resolve.

Finally, UARG strongly supports timely resolution of all challenges to EPA's final rule, so that utilities have certainty about the standards they will be required to meet.  As a result, UARG is working with other petitioners in this proceeding to develop a joint briefing proposal that would provide prompt and efficient review of the many complex issues in this litigation.  UARG hopes to file such a proposal at the time of initial disclosures, or shortly thereafter.

Respectfully submitted,

 /s/ Lee B. Zeugin
F. William Brownell
Lauren E. Freeman
Lee B. Zeugin
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C.  20037
(202) 955-1500
lzeugin@hunton.com

*Counsel for the Utility Air Regulatory Group*

---

[4] That petition, along with 20 other petitions for reconsideration, are still pending before EPA.

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this 17th day of May 2012, a copy of the foregoing Response of the Utility Air Regulatory Group to the Joint Motion to Sever and Expedite Consideration of Certain New Source Issues was served electronically through the Court's CM/ECF system on all ECF-registered counsel.

                                                 /s/ Lee B. Zeugin  
                                                 Lee B. Zeugin