UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
ECO POWER SOLUTIONS (USA)           )
CORPORATION,                        )
                                    )
                    Petitioner,     )
                                    )   No. 12-1170 (consolidated
        v.                          )   with No. 12-1100 and
                                    )   consolidated cases)
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY,                  )
                                    )
                    Respondent.     )
_____ )

REPLY OF THE UTILITY AIR REGULATORY GROUP
IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE
AS A RESPONDENT IN NO. 12-1170

In the response of Eco Power Solutions (USA) Corporation ("Eco Power") to the joint motion of the Utility Air Regulatory Group ("UARG") and Oak Grove Management Company LLC ("Oak Grove") for leave to intervene as respondents in No. 12-1170, Eco Power asserts that it does "not . . . advocate for more stringent standards." Eco Power Resp. at 19. If that assertion were true, then UARG would not need to intervene in Eco Power's challenge to the U.S. Environmental Protection Agency ("EPA") rules published at 77 Fed. Reg. 9304 (Feb. 16, 2012). However, Eco Power's National Emission Standards for Hazardous Air Pollutants ("NESHAPs") issue 4 in its nonbinding statement of issues filed on May 25, 2012

-1-

requests this Court to decide "[w]hether EPA's action in ignoring economic information and other data provided by [Eco Power] in conducting EPA's 'beyond-the-floor' analysis was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' under § 706 of the APA."

Section 112(d) of the Clean Air Act ("CAA"), 42 U.S.C. § 7412(d), requires EPA to follow a two-step process in setting maximum achievable control technology ("MACT") limits. *Mossville Envtl. Action Now v. EPA*, 370 F.3d 1232, 1235 (D.C. Cir. 2004). EPA first develops MACT floors under CAA § 112(d)(3). After a MACT floor is established under § 112(d)(3), EPA must then decide whether beyond-the-floor limits are justified under CAA § 112(d)(2); these limits are by definition more stringent than a MACT floor. *Mossville*, 370 F.3d at 1235 ("Once floor standards are established, the EPA determines if standards more stringent than those actually achieved by the best performing sources are possible. . . . These are known as 'beyond-the-floor' standards."). Because EPA's consideration of Eco Power's COMPLY 2000® technology in conducting beyond-the-floor analysis could result in more stringent standards, UARG meets the standard for intervention in No. 12-1170, as discussed in its motion.

In any event, no objection has been raised to UARG's and Oak Grove's intervention in the petitions filed by Julander Energy Company, No. 12-1174, and Chesapeake Climate Action Network, et al., No. 12-1194, both of which are

consolidated with the Eco Power petition. UARG and Oak Grove should be granted intervention with respect to these consolidated petitions for the reasons set forth in their joint motion. Of course, UARG and Oak Grove will respond only to adverse arguments presented by any of these parties.

For the reasons stated, UARG respectfully requests that the motion to intervene be granted.

Respectfully submitted,

  /s/ Lee B. Zeugin
F. William Brownell
Lauren E. Freeman
Lee B. Zeugin
Craig S. Harrison
Elizabeth L. Horner (Admitted only in Virginia;
    application pending in D.C.)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
(202) 955-1500
lzeugin@hunton.com

*Counsel for the Utility Air Regulatory Group*

Dated: June 1, 2012

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of June 2012, a copy of the foregoing Reply of the Utility Air Regulatory Group in Support of Its Motion for Leave to Intervene as a Respondent in No. 12-1170 was served electronically through the Court's CM/ECF system on all ECF-registered counsel.

                                                      /s/ Lee B. Zeugin
                                                      Lee B. Zeugin