# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UTILITY AIR REGULATORY GROUP, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ENVIRONMENTAL PROTECTION ) <br> AGENCY, ) <br> ) <br> Respondent. ) <br> ) | No. 12-1147 (consolidated with No. 12-1100 and other consolidated cases) |

## MOTION TO SEVER CHALLENGE TO EPA'S DENIAL OF THE DE-LISTING PETITION AND HOLD NEW CASE IN ABEYANCE

Petitioner Utility Air Regulatory Group ("UARG") hereby moves the Court to sever from case No. 12-1147 (and consolidated cases) UARG's challenge to the U.S. Environmental Protection Agency's ("EPA") denial of UARG's "Petition for the De-Listing of Coal-Fired Electric Utility Steam Generating Units as a Source Category Subject to Section 112 of the Clean Air Act" (the "De-Listing Petition"), to create a new docket for that challenge, and to hold that case in abeyance for 180 days pending UARG's submission, and EPA's consideration, of a new petition. In the event the Court denies UARG's request to sever the challenge and hold the case in abeyance, UARG moves in the alternative to sever the challenge from the consolidated cases for purposes of briefing. Respondent EPA intends to oppose

this motion. The other Industry and Labor Petitioners[1] consent to this motion. In support of this motion, UARG states the following:

1.  On February 16, 2012, EPA published the "National Emission Standards for Hazardous Air Pollutants From Coal- and Oil-Fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial-Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units" ("final rule"). 77 Fed. Reg. 9304. Although published together, the final rule contains three separate final agency actions. First, EPA denied UARG's August 4, 2011 De-Listing Petition filed pursuant to Clean Air Act ("CAA") § 112(c)(9), 42 U.S.C. 7412(c)(9). *Id.* at 9364-66. Second, EPA established new Mercury and Air Toxics Standards ("MATS") under CAA § 112 for coal- and oil-fired electric utility steam generating units ("EGU") to be codified at 40 C.F.R. Part 63, Subpart UUUUU. *Id.* at 9464-9513. Third, EPA revised existing New Source Performance Standards

---

[1] Other Industry and Labor Petitioners are White Stallion Energy Center, LLC, National Mining Association, National Black Chamber of Commerce and Institute for Liberty, Midwest Ozone Group, American Public Power Association, Peabody Energy Corp., Deseret Power Electric Cooperative, Sunflower Electric Power Corporation, Tri-State Generation and Transmission Association, Inc., Tenaska Trailblazer Partners, LLC, ARIPPA, West Virginia Chamber of Commerce, Inc., et al., United Mine Workers of America, Power4Georgians, LLC, Kansas City Board of Public Utilities, Oak Grove Management Co. LLC, Gulf Coast Lignite Coalition, Puerto Rico Electric Power Authority, Chase Power Development, LLC, FirstEnergy Generation Corp., Edgecombe Genco, LLC and Spruance Genco, LLC, and Wolverine Power Supply Cooperative, Inc.

("NSPS") under CAA § 111 for EGUs combusting a variety of fuels to be codified at 40 C.F.R. Part 60, Subparts A, B, D, Da, Db, and Dc. *Id.* at 9446-63.

2.  In *Utility Air Regulatory Group v. EPA,* No. 12-1147 (D.C. Cir. filed Mar. 16, 2012), UARG petitioned for review of both the MATS rule and EPA's denial of the De-Listing Petition, specifically identifying the two as two separate final actions (Doc. 1364222). The purpose of the De-Listing Petition is to request removal of the EGU source category from those regulated under CAA § 112(c). If EPA had granted the De-Listing Petition, the MATS rule would not have been authorized under CAA § 112.

3.  In a series of orders, the Court consolidated UARG's case No. 12-1147 with twenty nine (29) other petitions for review of the final rule under the lead case *White Stallion Energy Center, LLC v. EPA,* No. 12-1100 (and consolidated cases).[2] *See,* March 16, 2012 Order (Doc. 1364229), April 10, 2012 Order (Doc. 1368082), April 19, 2012 Order (Doc. 1369559), April 23, 2012 Order (Doc. 1370044), April 24, 2012 Order (Doc. 1370428), and May 30, 2012 Order (Doc. 1376197). None of the other petitions for review mention challenging

---

[2] Among those other petitions is UARG's separate petition for review of the revised NSPS for EGUs. *Utility Air Regulatory Group v. EPA,* No. 12-1166 (D.C. Cir. filed Apr. 9, 2012) (Doc. 1368066). In a separate motion being filed today, UARG also seeks to deconsolidate that challenge from these consolidated cases.

EPA's denial of the De-Listing Petition. On June 4, the Court extended the deadline for filing of procedural motions to June 8. Order (Doc. 1376935).

4. On April 16, 2012, UARG also submitted a petition for administrative reconsideration of portions of the MATS rule. EPA-HQ-OAR-2009-0234-20180. In that petition, UARG informed EPA that its bases for rejecting the De-Listing Petition relied on non-representative stack sampling data that were compromised by stainless steel contamination and that UARG plans to submit a new petition for de-listing of the EGU source category in the near future, when UARG expects additional supporting EGU test data on non-mercury metal hazardous air pollutants ("HAP") to be available. *Id.* at 7 n.20. The CAA does not impose any deadline for submission of such de-listing petitions, or limit the number of petitions that can be submitted. CAA § 112(c)(9), 42 U.S.C. § 7412(c)(9).

5. On May 24, UARG submitted a Nonbinding Statement of Issues in case No. 12-1147 (Doc. 1375568) identifying as issue No. 11 EPA's denial of the De-Listing Petition. Based on review of the Nonbinding Statements submitted by petitioners in the other 29 consolidated cases, only one other petitioner in these consolidated cases intends to pursue that issue.[3]

---

[3] *See* Issue No. 10, Nonbinding Statement of Issues of National Black Chamber of Commerce and Institute for Liberty, No. 12-1102 (D.C. Cir. filed May 25, 2012) (Doc. 1375705).

6. Because EPA's action on the De-Listing Petition is final action that is separate from the MATS rule, UARG requests that the Court sever UARG's challenge to EPA's denial of the De-Listing Petition from case No. 12-1147 and the consolidated cases, and establish a new docket for that challenge. Although UARG submitted the August 4, 2011 De-Listing Petition to the MATS rulemaking docket at the same time as its comments on the proposed MATS rule, EPA was not required to respond to it in the context of the final rule. EPA should not be allowed to use its decision to announce its denial of the De-Listing Petition in the MATS rule preamble to control how UARG's challenge to that denial is litigated.

7. Severing UARG's challenge would not result in duplicative briefing. The De-Listing Petition is a request for action that is separate from the MATS rule and is governed by different statutory criteria. UARG's De-Listing Petition was submitted pursuant to procedures and criteria in CAA § 112(c)(9)(B), 42 U.S.C. § 7412(c)(9)(B), which also will govern review of EPA's denial. The de-listing of a source category is authorized based "on petition of any person" that results in an EPA determination meeting specific criteria regarding life-time cancer risk, or other adverse health or environmental effects, from HAP emissions from a source (or group of sources) in the source category. *Id.* The MATS rule was promulgated as a result of a separate finding by EPA under CAA § 112(n)(1)(a), 42 U.S.C. § 7412(n)(1)(a), that regulation of HAP emissions from EGUs was "appropriate"

and "necessary" after considering the results of a Congressionally mandated EPA study. The emission limits in the MATS rule are based on standard-setting criteria in CAA § 112(d), 42 U.S. C. § 7412(d).[4] As a result, UARG's briefing on the De-Listing Petition denial will focus on CAA § 112(c)(9) and the delisting criteria specific to that provision, whereas the other challenges will focus on CAA §§ 112(d) and (n)(1)(a). The sole other petitioner that has indicated it intends to raise issues with EPA's denial has consented to the severance of UARG's challenge and can seek to participate in the severed case.

8. UARG's plan to submit a new de-listing petition in the near future also warrants delaying briefing long enough to allow UARG to submit, and EPA the opportunity to consider, UARG's new petition. As a result, UARG requests that the Court hold the severed case in abeyance for 180 days. Given the amount of new information UARG anticipates submitting in the new petition, UARG believes 180 days will provide EPA sufficient opportunity to grant or deny the new petition. Although the CAA § 112(c)(9) allows EPA up to a year to act on de-listing petitions, if EPA does not act expeditiously, the approaching deadline for compliance with the MATS rule could compel UARG to move forward with its challenge to the August 4, 2011 De-Listing Petition denial before EPA acts.

---

[4] The other emission standards in the final rule -- the revised NSPS for EGUs -- were promulgated under CAA § 111, 42 U.S.C. § 7411.

9.      Holding UARG's challenge to EPA's denial of the De-Listing Petition in abeyance for 180 days promotes judicial economy.  If EPA grants UARG's new petition, UARG's challenge to EPA's denial of its August 4, 2011 De-Listing Petition would become moot.  As a result, holding the case in abeyance for a limited period could avoid all briefing on the issue.  On the other hand, if EPA denies UARG's new petition, and UARG challenges that denial, the two challenges could be briefed most efficiently in one proceeding.  Because UARG's new petition would simply add factual support to its existing petition, the legal issues in two such challenges would be the same and the records would have significant overlap.  Forcing UARG to brief its challenge to the De-Listing Petition now would not avoid briefing in a challenge to denial of a new petition.

10.      Finally, severing and holding in abeyance issues related to UARG's De-Listing Petition could promote judicial economy in a second way.  UARG moved to de-list coal-fired EGUs from the § 112(c) list of major source categories because EPA decided in December 2000 to include coal-fired EGUs on that list.  That decision and EPA's related finding under CAA § 112(n)(1)(A) that regulation of coal-fired EGUs under § 112 is "appropriate and "necessary" are central issues in UARG's challenge to EPA's MATS rule.  If UARG prevails in its challenge to EPA's decision to regulate EGUs under § 112(c), then UARG's challenge to

EPA's denial of the De-Listing Petition would be moot because coal-fired EGUs would have been removed from § 112(c) by the Court's action.

WHEREFORE, UARG respectfully moves the Court to sever from case No. 12-1147 (and consolidated cases) UARG's challenge to EPA's denial of the De-Listing Petition, establish a new docket for the challenge, and hold the new case in abeyance for 180 days. In the event the Court denies that request, UARG moves in the alternative to sever the challenge for purposes of briefing. UARG suggests that the Court direct the parties to file motions to govern further proceedings at the end of the 180 day period. This request is without prejudice to either party's right to request that the case be resumed at any time.

Respectfully submitted,

*/s/ Lauren E. Freeman*
F. William Brownell
Lauren E. Freeman
Lee B. Zeugin
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
(202) 955-1500
lfreeman@hunton.com

*Counsel for the Utility Air Regulatory Group*

Dated: June 8, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June 2012, the foregoing Motion To Sever Challenge to EPA's Denial of the De-Listing Petition and Hold New Case in Abeyance was served electronically through the Court's CM/ECF system on all registered counsel in *Utility Air Regulatory Group v. EPA,* No. 12-1147 (and consolidated cases).

*/s/ Lauren E. Freeman*
Lauren E. Freeman