# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

WHITE STALLION ENERGY
CENTER, LLC, *et al*,

                         Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                         Respondent.

Case No. 12-1100 (and
consolidated cases)

## MOTION OF PETITIONERS CHESAPEAKE CLIMATE ACTION NETWORK, CONSERVATION LAW FOUNDATION, ENVIRONMENTAL INTEGRITY PROJECT, AND SIERRA CLUB FOR RECONSIDERATION OF WORD LIMITS IN THE ORDER GOVERNING BRIEFING FORMATS AND SCHEDULES

Pursuant to Federal Rule of Appellate Procedure 27 and Rule 27(e)(2) of this Court, Petitioners Chesapeake Climate Action Network, Conservation Law Foundation, Environmental Integrity Project, and Sierra Club ("Environmental Petitioners") respectfully move for reconsideration of word limits set in the Court's Order of August 24, 2012, and in support state the following:

1. The undersigned have sought to consult with counsel for each of the parties to these cases. Counsel for the states of Florida and Missouri state that those parties do not oppose this motion. Counsel for Gulf Coast Lignite Coalition states

that it opposes this motion. The remaining parties could not be reached before filing.

2. The Environmental Petitioners petitioned for review of the final rule promulgated by EPA titled "National Emission Standards for Hazardous Air Pollutants from Coal- and Oil-Fired Electric Utility Steam Generating Units and Standards of Performance for Fossil-Fuel-Fired Electric Utility, Industrial-Commercial-Institutional, and Small Industrial-Commercial-Institutional Steam Generating Units," published at 77 Fed. Reg. 9304 (Feb. 16, 2012) (the "Mercury and Air Toxics Rule" or "MATS Rule"). Their petition for review was docketed as Case No. 12-1194. It was subsequently consolidated with other petitions for review of the same final rule in Case No. 12-1100.

3. Respondent EPA moved to enter a briefing format and schedule. EPA proposed 11,000 and 6000 words, respectively, for Environmental Petitioners' opening and reply briefs. The Environmental Petitioners, along with Intervenors American Academy of Pediatrics et al., state and local government Intervenors, Intervenors Calpine Corporation, Exelon Corporation, National Grid Generation LLC, Public Service Enterprise Group, Inc., and Petitioner Julander Energy Co. concurred in these proposed word limits.

4. The Court's Order of August 24, 2012, governing briefing schedules and formats sets limits of 6000 and 3000 words, respectively, for Environmental Petitioners opening and reply briefs. Industry and state petitioners challenging the same rule as excessively stringent were granted 15,000 and 7500 words.

5. These assigned word limits will not allow Environmental Petitioners adequately to articulate and support their arguments. Environmental Petitioners have a different perspective on the relevant factual and legal background for the rule than either Industry Petitioners or EPA can be expected to present, and must present this background in their brief. Environmental Petitioners must explain and substantiate their standing to bring suit to vindicate the interests of their respective individual members, as required by D.C. Circuit Rule 28(a)(7). As petitioners with an interest in more (rather than less) stringent standards, Environmental Petitioners' basis for standing differs entirely from the other petitioners. Environmental Petitioners will also present a view of the governing statutory framework that differs from the other petitioners – one that demands stricter, rather than more lenient, limits. Finally, Environmental Petitioners seek a different remedy than Industry Petitioners – a partial remand rather than vacatur – and will need to explain their position on this issue as well.

6. As a result of these key divergences, Environmental Petitioners' brief will not duplicate or be similar to the arguments of any other petitioner in these consolidated cases. As a result, Environmental Petitioners' brief requires more detailed exposition – exposition which cannot be provided with the word limits in the Court's order.

7. In the Clean Air Act, 42 U.S.C. § 7607(b)(1), Congress gave those affected by rules like the MATS Rule, including Environmental Petitioners and their members, the right to judicial review in this Court. Environmental Petitioners respectfully submit that they cannot exercise their right to judicial review of the

MATS Rule effectively with an opening brief of just 6,000 words and a reply brief of just 3,000 words.

8. For the foregoing reasons, Environmental Petitioners request an additional 2000 words in opening and 1000 words in reply, for totals of 8000 and 4000 words. If the Court grants this motion for reconsideration, Environmental Petitioners would not object to a proportional increase in words for the briefs in response.

DATED:     September 6, 2012

/s/James S. Pew
James S. Pew
Earthjustice
1625 Massachusetts Ave., NW
Suite 702
Washington, DC 20036-2212
(202) 667-4500
jpew@earthjustice.org
*Counsel for Sierra Club*

/s/Ann Brewster Weeks (with permission)
Ann Brewster Weeks
Clean Air Task Force
18 Tremont St., Suite 530
Boston, MA 02139
(617) 624-0234
aweeks@catf.us
*Counsel for Conservation Law Foundation*

/s/Sanjay Narayan (with permission)
Sanjay Narayan
Sierra Club Environmental Law Program
85 Second Street, 2nd Floor
San Francisco, CA, 94105
(415) 977-5769
Sanjay.narayan@sierraclub.org
*Counsel for Sierra Club*

/s/Eric Schaeffer (with permission)
Eric Schaeffer
Environmental Integrity Project
1 Thomas Circle, Suite 900
Washington, DC  20005
(202) 296-8800
eschaeffer@eip.org
*Counsel for Chesapeake Climate Action Network and Environmental Integrity Project*

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2012 I have served the

foregoing **Motion of Petitioners Chesapeake Climate Action Network,**

**Conservation Law Foundation, Environmental Integrity Project, and Sierra**

**Club for Reconsideration of Word Limits in the Order Governing Briefing**

**Formats and Schedules** on all registered counsel through the Court's electronic

filing system (ECF).


/s/ James S. Pew
James S. Pew