

U.S. Department of Justice

Environment and Natural Resources Division

*Environmental Defense Section*  
*P.O. Box 7611*  
*Washington, DC 20044*

*Telephone (202)305-2326*  
*Facsimile (202) 514-8865*  
*Eric.Hostetler@usdoj.gov*

May 16, 2013

**Via CM/ECF**

Mark J. Langer, Clerk
United States Court of Appeals
for the District of Columbia Circuit
United States Courthouse, Room 5523
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    *Re*:  Response to Rule 28(j) Notice of Supplemental Authorities
          *White Stallion Energy Center LLC* v. *EPA*, No. 12-1100

Dear Mr. Langer,

    The United States Environmental Protection Agency ("EPA") provides this response to Environmental Petitioners' Notice of Supplemental Authorities, ECF# 1435957, filed pursuant to Federal Rule of Appellate Procedure 28(j).

    In these consolidated cases, Environmental Petitioners contest the methods by which *existing* electric utility steam generating units ("EGUs") can demonstrate compliance with Clean Air Act emission standards for non-mercury hazardous metals. These standards for existing sources were promulgated by EPA on February 16, 2012. 77 Fed. Reg. 9304.

    In their Rule 28(j) letter, Environmental Petitioners cite to EPA's April 24, 2013 rule reconsidering certain hazardous air pollutant emission standards for *new* electric utility steam generating units. The April 24, 2013, rule was premised on a different administrative record than before the Court in the above-referenced case and did not reconsider or revise the requirements for existing sources. The record for judicial review in this matter consists exclusively of the record before the agency at the time the existing source standards were promulgated in February 2012. S*ee* 42 U.S.C. § 7607(d)(7)(A).

Moreover, contrary to Environmental Petitioners' assertion, the preamble to EPA's April 2013 reconsideration rule revising standards for new sources does explain why continuous emissions monitoring or parameter monitoring is required for new sources, whereas existing sources have the option to conduct quarterly stack testing. 78 Fed. Reg. 24,073, 24,077 (Apr. 24, 2013). As EPA explained, new EGUs can be designed to incorporate continuous monitoring or parameter monitoring from the outset, since they are newly constructed units. *Id.* In contrast, as EPA explained, existing sources could be impeded from doing so due to constraints on the ability to retrofit an existing unit. *Id.*

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources
Division


/s/ *Eric G. Hostetler*
Eric G. Hostetler
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Eric.Hostetler@usdoj.gov
Tel: 202-305-2326


cc: All counsel of record via CM/ECF

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Response to Rule 28(j) Notice of Supplemental Authorities has been served through the Court's CM/ECF system on all registered counsel this 16th day of May 2013.

                                                   /s/ Eric Hostetler
                                               Counsel for Respondent