

**U.S. Department of Justice**

Environment and Natural Resources Division

No. 12-1100 (and consolidated cases)

*Environmental Defense Section*     *Telephone (202) 514-1950*
*P.O. Box 7611*     *Facsimile (202) 514-8865*
*Washington, DC 20044*

March 4, 2014

Mark J. Langer
United States Court of Appeals for the D.C. Circuit
333 Constitution Ave., N.W.
Washington, D.C. 20001

   Re:   FRAP 28(j) Notice filed by Petitioners in *White Stallion Energy Center, LLC v. EPA*, No. 12-1100 (argued December 10, 2013)

Dear Mr. Langer:

     EPA hereby responds to Petitioners' Rule 28(j) notice (Doc. 1480139) in the above-captioned case.

     Petitioners point to *Oklahoma Dep't of Environmental Quality v. EPA*, 740 F.3d 185 (D.C. Cir 2014), claiming that it "supports Petitioners' argument that the Court has jurisdiction . . . to consider the parametric monitoring challenge." There, the Court concluded that it could review an assumption underlying the rule – that the Agency, rather than the state, had jurisdiction to regulate in certain parts of Indian Country – despite the fact that nobody challenged that assumption in comments because EPA has a duty to examine such "key assumptions" in the first instance. 740 F.3d at 192.

     But Petitioners' challenge to the parametric monitoring option implicates no such "key assumption." Rather, their argument that the operating limit with which sources must comply between annual tests could theoretically be set at a value corresponding to emissions levels above the limit is simply one line of argument against parametric monitoring raised by Petitioners. It does not address a "key assumption" underlying the MATS Rule, or even EPA's designation of parametric monitoring as one method by which sources can demonstrate compliance. To the contrary, certain constraints imposed on parametric monitoring make it unlikely that the operating limit would, in practice, be set at a level corresponding to emissions above the limit. *See* EPA's Br. at 113-15.

Thus, Petitioners' challenge to parametric monitoring does not implicate a "key assumption," and the Court's conclusion on the jurisdictional issue in *Oklahoma DEQ* therefore has no bearing on the jurisdictional issue raised here.[1]

>
> Respectfully submitted,
>
> /s/ Amanda Shafer Berman
> Amanda Shafer Berman
> United States Department of Justice
> Environmental Defense Section
> P.O. Box 7611
> Washington, DC 20044
> (202) 514-1950

---

[1] Petitioners argue in a footnote that petitions for reconsideration generally should not delay judicial review. But here, EPA argued only that, insofar as Petitioners' challenge to parametric monitoring has now been raised in a reconsideration petition, it is unripe because 42 U.S.C. § 7607(d)(7)(B) requires that, if an issue was not raised in comments, EPA must be afforded the opportunity to address the issue before the petitioner can seek judicial review. Argument Tr. at 139 (attached).

# CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing letter were served today, February 28, 2014 on all registered counsel through the Court's CM/ECF system.

/s/ *Amanda Shafer Berman*
Amanda Shafer Berman